UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SILVIANO CHRISTMAN,

        Plaintiff,

-against-

CO MONTERO; CO JOHN DOES 1-11; DR. JOHN DOE 1; NEW YORK CITY HEALTH * HOSPITALS,

        Defendants.

---

21-CV-2730 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

  Plaintiff, currently held in the North Infirmary Command on Rikers Island, brings this *pro se* action under 42 U.S.C. §1983, regarding events occurring at the Otis B. Bantam Center (OBCC) on Rikers Island. By order dated April 13, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

**A.     New York City Health + Hospitals (H+H)**

Plaintiff names H+H as a defendant, and the Court further construes Plaintiff's complaint as asserting § 1983 claims against the City of New York. When asserting such claims against the City of New York or H+H, it is not enough for a plaintiff to allege that one of the City's or H+H's employees or agents engaged in some wrongdoing. A plaintiff must show that the municipality or H+H itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality or H+H, the plaintiff must allege facts showing (1) the existence of a municipal or H+H policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of*

*Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted); *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (applying standard for § 1983 municipal liability to H+H).

Plaintiff's claims against the City of New York and H+H arise from the alleged actions of the City's and H+H's employees. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file a second amended complaint in which he names the City of New York as a defendant, and alleges facts that suggest that a policy, custom, or practice of the City of New York or H+H caused a violation of his federal constitutional rights.

**B.     CO Montero**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that OBCC Correction Officer Montero, Shield # 3105, waive service of summons.

**C.     John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff appears to supply sufficient information to permit the government to identify: (1) OBCC John Doe probe team COs 1-5, who allegedly assaulted Plaintiff at approximately 3:30 p.m. on May 15, 2020, in 4 Dorm Upper; (2) OBCC John Doe COs 6-7, who worked the 5:00 a.m.-to-1:00 p.m. shift in Cellblock 3 Southwest on June 21, 2020; (3) OBCC John Doe COs 8-11, who worked the 7:00 a.m.-to-3:00 p.m. shift in Cellblock 3 Southwest; and (4) the John Doe physician at OBCC who treated Plaintiff on June 21, 2020.

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City Department of Correction, must ascertain the identity and badge

number of each John Doe CO whom Plaintiff seeks to sue here and the address where each defendant may be served.² It is also ordered that H+H must ascertain the full name of the John Doe physician Plaintiffs seeks to sue here and the address where the defendant may be served. The New York City Law Department and H+H must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue any orders of service.

**D.     Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 90 days of the date of this order, Defendants must serve responses to those standard discovery requests. In their responses, Defendants must quote each request verbatim.³

---

² If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department or H+H must provide a residential address where the individual may be served.

³ If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## CONCLUSION

The Court dismisses with leave to replead Plaintiff's claims against New York City Health + Hospitals. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that OBCC Correction Officer Montero, Shield # 3105, waive service of summons.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at 100 Church Street, New York, NY 10007.

The Clerk of Court is directed to mail a copy of this order and the complaint to New York City Health + Hospitals at 125 Worth Street, New York, New York 10013.

The Clerk of Court is directed to mail a copy of this order to Plaintiff along with an information package. A Second Amended Complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 30, 2021
New York, New York

_____
VERNON S. BRODERICK
United States District Judge